Ashleigh A. Danker (State Bar No. 138419)
ashleigh.danker@dinsmore.com
DINSMORE & SHOHL LLP
550 Hope St., Suite 1765
Los Angeles, California 90071
Telephone: 213-335-7737

Counsel to Peter J. Mastan
Chapter 7 Trustee

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>FINNIAN OSAKPAMWAN EBUEHI<br><br>and<br><br>ELIZABETH OLOHIRERE EBUEHI,<br><br>       Debtors. | Case No. 2:18-bk-20704-NB<br><br>Chapter 7<br><br>**NOTICE OF MOTION AND MOTION FOR (1) ORDER TO COMPEL TURNOVER OF PROPERTY OF THE BANKRUPTCY ESTATE AND ESTABLISHING PROCEDURES FOR REMOVAL AND DISPOSAL OF ANY REMAINING PERSONAL PROPERTY, AND (2) WRIT OF ASSISTANCE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF PETER J. MASTAN, PAMELA C. TEMPLE, AND ASHLEIGH A. DANKER IN SUPPORT THEREOF; AND EXHIBITS**<br><br>Date:     March 31, 2020<br>Time:    11:00 a.m.<br>Ctrm:    1545<br>         255 E. Temple Street<br>         Los Angeles, California 90012<br>Judge:   Hon. Neil W. Bason |

16118362.2

**TO THE HONORABLE NEIL W. BASON, UNITED STATES BANKRUPTCY JUDGE, THE DEBTORS AND THEIR COUNSEL, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL INTERESTED PARTIES:**

**NOTICE IS HEREBY GIVEN** that, on **March 31, 2020 on the 11:00 a.m. calendar**, in Courtroom 1545 of the United States Bankruptcy Court located at 255 E. Temple Street, Los Angeles, California 90012, the Honorable Neil W. Bason, United States Bankruptcy Judge presiding, will conduct a hearing on the *Notice Of Motion And Motion For (1) Order To Compel Turnover Of Property Of The Bankruptcy Estate And Establishing Procedures For Removal And Disposal Of Any Remaining Personal Property, And (2) Writ Of Assistance; Memorandum Of Points And Authorities; Declarations Of Peter J. Mastan, Pamela C. Temple, And Ashleigh A. Danker In Support Thereof; And Exhibits* (the "Motion") filed by Peter J. Mastan, Chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of joint debtors Finnian Osakpamwan Ebuehi and Elizabeth Olohirere Ebuehi (collectively, the "Debtors" or the "Ebuehis") in the above-captioned bankruptcy case (the "Case"). Specifically, through the *Motion*, the Trustee shall move, and hereby does move, for an order that does all of the following:

1.     Grants the *Motion*.

2.     Finds Federal Rule of Bankruptcy Procedure ("FRBP") 7070 to be applicable to the *Motion* and all efforts to enforce the *Order* on the *Motion*.

3.     Compels the Debtors, and all other persons, if any, claiming rights of possession through the Debtors with respect to the residence located at **619 W. Gladstone Street, Glendora, 91740** (the "Gladstone Property") (collectively, the "Occupants"), to deliver possession of the Gladstone Property to the Trustee (by personally vacating the Gladstone Property, removing all of their personal property from the Gladstone Property, leaving the Gladstone Property in broom-clean condition, and delivering to the Trustee the keys to the Gladstone Property, security codes for all security systems, and any garage door and/or driveway gate remote controls that may exist) **within two (2) business days after the entry of the *Order* on this *Motion.***

4.     Deems any personal property remaining in or on the Gladstone Property after two (2) business day after entry of the *Order* on this *Motion* to have been abandoned by the Occupants.

5.      Approves the *Motion* in substantially the form of *Order* attached to the *Motion* as **Exhibit 4** providing that the *Order* constitutes a writ of possession and writ of assistance for the Gladstone Property, and, in accordance with 11 U.S.C. § 105, FRBP 7070, and Local Bankruptcy Rule 7064-1, contains the following language:

> Upon execution and entry of this Writ or Order, the United States Marshals Service (the "U.S. Marshal") is immediately directed to assist the Trustee to enforce the underlying Order awarding possession.

> The Trustee and/or his authorized agents will act as substitute custodian of any and all items of personal property seized pursuant to this Order and the U.S. Marshal shall have no liability arising from any acts, incidents, or occurrences in connection with the seizure of the personal property located at the subject real property arising in the ordinary authorized scope of duties of the U.S. Marshal (which acts do not include acts arising from negligent or intentional tortious conduct), including any third party claims and the U.S. Marshal shall be discharged of his or her duties and responsibilities for safekeeping of the seized goods.

> The U.S. Marshal accomplishing such seizure shall use whatever reasonable force necessary to break open and enter the subject real property regardless of whether the premises or location is locked or unlocked, occupied or unoccupied and to inspect the contents of any room, closet, cabinet, vehicle, container, desk or documents.

> Anyone interfering with the execution of this Order is subject to arrest by law enforcement officials.

6.      If the Occupants fail to timely vacate the Gladstone Property, authorizes the Trustee to instruct the U.S. Marshal Service to execute the *Writ* or *Order* by (a) evicting and locking out all Occupants of the Gladstone Property, (b) using all necessary force to effectuate the eviction; and (c) surrendering possession of the Gladstone Property to the Trustee's designated custodian.

7.      Authorizes the Trustee to expend funds to (a) rent a U-Haul (or similar) moving truck, (b) hire an agent and/or moving company (without the need of filing an employment or fee application) to facilitate the removal of any personal property at the Gladstone Property, (c) dispose of any personal property remaining in or on the Gladstone Property, and (d) change the locks and security codes to the Gladstone Property.

8.      Authorizes the Trustee **to remove any and all personal property remaining in or**

16118362.2

3

**on the Gladstone Property at any time beginning three (3) business days after entry of the**
**_Order_ approving this _Motion._**

9.      **Authorizes the Trustee, in the exercise of his discretion, either to discard or**
**donate to a charity any and all personal property removed by the Trustee pursuant to the**
**_Order_ on the _Motion_ and to incur and pay for the costs of such disposal, all without further**
**order of the Court.**

10.      Upon completion of the procedures in paragraphs 7-9, above, deems the Trustee to have satisfied any obligation he may have under California law (or other applicable law) relating to the removal, disposal, and/or abandonment of personal property.

**NOTICE IS FURTHER GIVEN** that the _Motion_ is made pursuant to 11 U.S.C. §§ 105, 521, 541, 542, and 704, Federal Rules of Bankruptcy Procedure 2002, 7070, and 9014, and Local Bankruptcy Rules 7064-1 and 9013-1 on the grounds that (i) the Debtors have failed to cooperate with the Trustee's request that they vacate the Gladstone Property on a consensual basis and (ii) conditions on the Gladstone Property cause the Trustee and the Trustee's real estate broker to believe that the Gladstone Property would be more marketable if it were completely vacant and cleaned up.

**NOTICE IS FURTHER GIVEN** that the _Motion_ is based upon (a) this _Notice of Motion and Motion_; (b) the attached _Memorandum of Points and Authorities_, _Declarations of Peter J. Mastan, Pamela C. Temple, and Ashleigh A. Danker_; (c) the attached _Exhibits_, (d) the pleadings on file with the Court of which the Court is requested to take judicial notice; and (e) such further evidence that may be properly submitted prior to or at the hearing on the _Motion_.

**NOTICE IS FURTHER GIVEN that, pursuant to Local Bankruptcy Rule 9013-1(f),**
**any opposition to the _Motion_ must be in writing; must be filed with the Court and served**
**upon the Trustee and the Office of the United States Trustee at the addresses set forth below**
**not later than 14 days before the hearing on the _Motion_; and must include a complete written**
**statement of all reasons in opposition thereto or in support or joinder thereof, declarations**
**and copies of all photographs and documentary evidence on which the responding party**
**intends to rely, and any responding memorandum of points and authorities:**

**For Filing with the Court**:
Clerk's Office
United States Bankruptcy Court
255 E. Temple Street
Los Angeles, CA 90012

**For Service on the U.S. Trustee**:
Office of the U.S. Trustee
915 Wilshire Blvd., Suite 1850
Los Angeles, CA 90017

**For Service on the Trustee**:
Peter J. Mastan, Trustee
c/o Ashleigh A. Danker, Esq.
Dinsmore & Shohl LLP
550 S. Hope Street, Suite 1765
Los Angeles, CA 90071-2627

NOTICE IS FURTHER GIVEN that, pursuant to Local Bankruptcy Rule 9013-1(h),
failure to timely file and serve an objection may be deemed by the Court to be consent to
granting the relief requested in the *Motion*.

Dated: March 10, 2020                   DINSMORE & SHOHL LLP

                                        By:_____/s/  Ashleigh A. Danker_____
                                            Ashleigh A. Danker
                                        Counsel to Peter J. Mastan,
                                        Chapter 7 Trustee

# <u>TABLE OF CONTENTS</u>

I. INTRODUCTION ........................................................................................................... 1

II. JURISDICTION ............................................................................................................. 2

III. STATEMENT OF FACTS ............................................................................................ 2

    A.    The Debtors' Bankruptcy Filing and Trustee's Appointment ........................... 2

    B.    The Trustee's Efforts to Sell the Gladstone Property ...................................... 2

    C.    The Debtors Have Refused to Cooperate with the Trustee to
          Consensually Vacate the Gladstone Property .................................................... 5

IV. ARGUMENT ................................................................................................................ 6

    A.    Turnover of Estate Assets .................................................................................. 6

    B.    Procedures for Enforcement of Turnover Order and Removal
          of Debtors' Personal Property .......................................................................... 7

V. CONCLUSION ............................................................................................................ 11

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

16118362.2

1

## <u>TABLE OF AUTHORITIES</u>

2

### <u>Cases</u>

3

*Abrams v. Sw. Leasing & Rental, Inc. (In re Abrams)*

4    127 B.R. 239 (9th Cir. BAP 1991).......................................................................7

5    *Hamilton v. McDonald*
    503 F.2d 1138 (9th Cir. 1974)..........................................................................8

6    *In re Kerlo*

7    311 B.R. 256 (Bankr. C.D. Cal.2004)............................................................7, 8

8    *Mwangi v. Wells Fargo Bank, N.A. (In re Mwangi)*
    432 B.R. 818 (9th Cir. BAP 2010)...................................................................7

9    *Stone v. White (In re Stone)*

10    1998 Bankr. LEXIS 1976, at *13-14 (Bankr. D.C. Nov. 1998) ..........................9

11    *Toledano v. Kittay (In re Toledano)*,
    299 B.R. 284 (Bankr. S.D.N.Y. 2003) .............................................................9

12

### <u>Statutes</u>

13

11 U.S.C. § 105(a) ...........................................................................................9

14    11 U.S.C. § 521(a)(3) ......................................................................................7

15    11 U.S.C. § 542 ..............................................................................................7

16    11 U.S.C. § 704(a)(1) ......................................................................................7

17

### <u>Rules</u>

18    Fed. Rule Civ. P. 70 ........................................................................................8

19    Fed. R. Bankr P. 7070 ...............................................................................8, 9, 11

20    Fed. R. Bankr P. 9014(a) .................................................................................8

21    Fed. R. Bankr p. 9014(c) .................................................................................8

22    Local Bankruptcy Rule 7064-1 .....................................................................9, 11

23

24

25

26

27

28

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Peter J. Mastan, Chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of joint debtors Finnian Osakpamwan Ebuehi and Elizabeth Olohirere Ebuehi (collectively, the "Debtors" or the "Ebuehis") in the above-captioned bankruptcy case (the "Case") submits this *Memorandum of Points and Authorities* in support of his *Motion For (1) Order To Compel Turnover Of Property Of The Bankruptcy Estate And Establishing Procedures For Removal And Disposal Of Any Remaining Personal Property, And (2) Writ Of Assistance; Memorandum Of Points And Authorities; Declarations Of Peter J. Mastan, Pamela C. Temple, And Ashleigh A. Danker In Support Thereof; And Exhibits* (the "Motion").

The relief sought by the *Motion* is detailed in the preceding *Notice of Motion*.  Among other things, the Trustee seeks an *Order* (i) compelling the Debtors and all other persons, if any, claiming rights of possession through the Debtors (collectively, the "Occupants") with respect to the residence located at 619 W. Gladstone Street, Glendora, California 91740 (the "Gladstone Property") to vacate and turn over possession of  the Gladstone Property to the Trustee no later than two (2) business days after the entry of the *Order* approving this *Motion* and (ii) establishing procedures for the Trustee to remove and dispose of any personal property remaining in or on the Gladstone Property commencing three (3) business days after the entry of the *Order* approving this *Motion.*

The Trustee seeks the requested relief on the grounds that his real estate brokers have been marketing the Gladstone Property since the beginning of January 2020 without success.  The Trustee and his brokers believe that certain conditions on the property make it unattractive to potential buyers and that it would be more marketable if completely vacant and cleaned up.  On February 26, 2020, the Trustee sent the Debtors a written request to vacate the Gladstone Property on or before April 15, 2020.  *See* **Exhibit 2** hereto.  They declined.  *See* **Exhibit 3** hereto.  The Trustee sought to speak with the Debtors about their timing to vacate at the continued meeting of creditors held on March 4, 2020, but only their attorney appeared.  Given the conditions on the

1

16118362.2

Gladstone Property and the Debtors' failure to cooperate, good cause exists to order the Occupants to turn over possession of the Gladstone Property and allow the Trustee to dispose of any personal property remaining after they vacate.

## II.

## JURISDICTION

The Bankruptcy Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This *Motion* is a core proceeding within the meaning of 28 U.S.C. § 57(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory bases for the relief requested herein are §§ 105, 521, 541, 542, and 704 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), Rules 2002, 7070 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Bankruptcy Rules 7064-1 and 9013.[1]

## III.

## STATEMENT OF FACTS

**A.**     **The Debtors' Bankruptcy Filing and Trustee's Appointment**

On September 12, 2018 (the "Petition Date"), the Debtors filed a joint voluntary petition for relief under Chapter 11 of Bankruptcy Code, commencing the Case. On September 25, 2019, the Court issued an *Order Granting Order to Show Cause Why This Court Should Not Convert or Dismiss Case, or Appoint a Chapter 11 Trustee* (ECF No. 140, the "OSC"). The Court entered its *Order Converting Case to Chapter 7* (ECF No. 161, the "Conversion Order") on October 18, 2019. Peter J. Mastan was appointed as the Chapter 7 Trustee for the Debtors' Estate on October 23, 2019 (ECF No. 167). Pursuant to *Orders* entered on November 7, 2019 (ECF No. 170), November 27, 2019 (ECF No. 178), and January 29, 2020 (ECF No. 234), the Court denied three motions for reconsideration of the *Conversion Order*.

**B.**     **The Trustee's Efforts to Sell the Gladstone Property**

Property of the Estate includes five real properties: (i) the Debtors' personal residence located at 619 W. Gladstone Street, Glendora, CA 91740 (the "Gladstone Property"), (ii) the rental

---

[1] Unless specified otherwise, all statutory references herein are to the Bankruptcy Code.

2

property located at 1518 Waters Avenue, Pomona, CA 91766 (the "Waters Property"), (iii) the rental property located at 1580 W. 2nd Street, Pomona, CA 91766 (the "2nd Street Property"), (iv) the rental property located at 2551 Yorkshire Way, Pomona, CA 91767 (the "Yorkshire Property"), and (v) a vacant lot located in San Bernardino (the "Vacant Lot").  *See* Schedules A/B and D of Voluntary Petition (ECF No. 1).  The Yorkshire Property, 2nd Street Property, and Waters Property are referred to, collectively, herein as the "Rental Properties."  The Rental Properties, together with the Gladstone Property and the Vacant Lot, are referred to herein, collectively, as the "Properties."

On January 6, 2020, the Trustee filed an *Application* requesting authority to employ Coldwell Banker and Bennion Deville Homes (ECF No. 219) as co-real estate brokers (the "Brokers") to list, market, and assist the Trustee in selling the Gladstone Property and the Rental Properties.  Pursuant to an *Order* entered on January 30, 2020 (ECF No. 236), the Court granted the *Application*.

Set for hearing concurrently herewith are the Trustee's motions for authority to sell the Waters and Yorkshire Properties (ECF Nos 253 and 256).  As described in detail in those motions, each of the Properties, except the Vacant Land, is encumbered by a consensual, senior lien, which does not appear to be cross-collateralized, and a junior judgment lien (the "Poser Lien") held by Poser Investments, Inc. ("Poser"), which *is* cross-collateralized against all of the improved Properties, and which the Trustee has requested Poser to cap at $881,611.99.  In light of the estimated values of each of the Properties and the cross-collateralization of the Poser Lien, to realize equity for the Estate, it is necessary for the Trustee to sell *all* of the improved Properties.

The Brokers listed the improved Properties on the Multiple Listing Service ("MLS") in early January 2020.  Those listings were syndicated to hundreds of real estate related websites including Realtor.com, Zillow, Redfin, CaliforniaMoves.com, Google, Yahoo, BDHomes.com, ColdwellBanker.com, and others.  The listings received thousands of views on the internet and were advertised in At Home Magazine, BD Monthly, Homes & Land, and LA Times Weekly.  As a result, the Trustee has received offers for all of the improved Properties.  *See* Declaration of Pamela C. Temple ("Temple Decl."), attached hereto, ¶ 3.  The Trustee is in escrow on the Waters and

3

1  Yorkshire Properties and, subject to Court approval on March 31, 2020, expects to close escrow on

2  those properties in April 2020.

3      The Gladstone Property is listed for $779,000.00.  Despite an open house held on

4  February 15, 2020 and several telephonic inquiries to his Broker, Pamela Temple, the Trustee has

5  received only a single offer (for $590,000.00 that too low to counter) and has had only one request

6  for a private showing of the Gladstone Property.  As to the latter, on Saturday, March 8, 2020 at

7  approximately 2:00 p.m., Ms. Temple was contacted by a broker requesting to show the Gladstone

8  Property that evening from 6:45 p.m. to 7:45 p.m.  She called and texted Mr. Ebuehi to request

9  permission.  He did not respond until approximately 6:00 p.m.  By that time, unfortunately, the

10  prospective buyers had taken the property off their list.  Although Ms. Temple is attempting to re-

11  schedule the showing, because of the security system, she cannot show the Gladstone Property

12  without either Mr. Ebuehi's cooperation or at least 24 hours' advance notice.  When she tries to

13  contact him, he typically does not answer his telephone and his voice mail is full.  Also, he does not

14  respond quickly to text messages.  Temple Decl., ¶ 4.

15      In addition to the foregoing issues with access, Ms. Temple has expressed concern to the

16  Trustee that the appearance of the Gladstone Property, both inside and outside, significantly

17  detracts from its marketability.  The Trustee has personally viewed the property and shares her

18  concerns.  The house is located on a nearly half-acre lot.  The large yard is being used for storage

19  and contains several large, unsightly piles of personal items (including one covered by a large tarp),

20  multiple large barrel-type containers, multiple cars, and a van.  The garage is filled, nearly to the

21  ceiling with personal items—no cars can fit in it.   Inside the house, there are many large, unsightly

22  piles of personal items covered by plastic tarps and several rooms, including the kitchen, are

23  cluttered and unsightly.  Photographs taken by the Trustee of the yard (pp. 22-25), the garage

24  (pp. 26-27), kitchen (pp. 28-29), main living area (pp. 30-31), bedroom 1 (pp. 32-35), and bedroom

25  2 (pp. 36-38), on March 3, 2020 are attached hereto as **Exhibit 1**.  The Debtors, who do not want

26

27

28

4

1  the property to be sold, create a hostile atmosphere inside.[2]  *See* Temple Decl., ¶ 5; declaration of

2  Peter J. Mastan ("Mastan Decl."), attached hereto, ¶ 5.

3      Because of the access issues and conditions in and on the Gladstone Property, the Trustee

4  and Ms. Temple believe that it would show much better if it were vacant and cleaned up.  Temple

5  Decl, ¶ 6; Mastan Decl., ¶ 6.

6      The access and appearance issues are particularly problematic because the Gladstone

7  Property is estimated to have the most equity of all the Properties.  The property is listed for

8  $779,000.00 and Wells Fargo Bank, the senior lender, has filed a proof of claim, Claim No. 7,

9  asserting a loan balance of $36,565.01.  Even after payment of the Debtors' $100,000.00 homestead

10 exemption (Schedule C, ECF No. 1), sale of the Gladstone Property at or near the listed price is

11 crucial to paying the balance owed to Poser and creating equity for the Estate.

12 **C.**    **The Debtors Have Refused to Cooperate with the Trustee to Consensually Vacate the**

13        **Gladstone Property**

14     Mr. Ebuehi failed to appear at the initial Section 341(a) meeting of creditors the Trustee

15 held on December 4, 2019 and it was clear that Mrs. Ebuehi knew little about their financial affairs.

16 Accordingly, the Trustee re-scheduled the meeting to December 12, 2019.  No later than this second

17 meeting, which both of the Ebuehis attended, the Trustee told them that *all* the Properties would be

18 sold, including the Gladstone Property.  At the third Section 341(a) meeting held on January 28,

19 2020, the Trustee reminded the Ebuehis that the Gladstone Property was for sale and that they

20 should be making preparations for living elsewhere.  At this same meeting, Mr. Ebuehi admitted to

21 keeping a "journal" or "book," which he had not provided to the Trustee, in which he recorded

22 various cash receipts that he received from time to time in connection with the Rental Properties.

23 Mastan Decl., ¶ 2.

24     On February 26, 2020, the Trustee's counsel, Ashleigh Danker, gave written notice to the

25 Debtors' attorney, Edwin Aimufua, for them to vacate the Gladstone Property on or before

26

27 [2] As described in the Waters and Yorkshire sale motions (ECF Nos. 253 and 256), prior to the filing
28 of their petition, the Debtors fraudulently conveyed and encumbered the Properties, including the
   Gladstone Property, to impede Poser's efforts to execute on them.

16118362.2

1   April 15, 2020.  *See* **Exhibit 2.**  Mr. Aimufua responded that the Debtors could not afford to move

2   unless the Trustee advanced them their homestead exemption.  A copy of his email response

3   received on March 2, 2020 is attached hereto as **Exhibit 3.**  This response appeared disingenuous

4   given that (i) Mr. Ebuehi is employed, (ii) the Debtors have been living in the Gladstone Property

5   since at least the conversion date (October 18, 2019) without paying the mortgage, rent to the

6   Trustee, or property insurance, and (iii) the Debtors have failed to account for their cash receipts

7   from the Rental Properties.  Mastan Decl., ¶ 3.

8          After the January 28, 2020 Section 341(a), the next Section 341(a) meeting was scheduled

9   for March 4, 2020.  At this meeting, the Trustee anticipated discussing possible accommodations

10  for the Debtors to consensually vacate the Gladstone Property.  Unfortunately, while the Debtors'

11  attorney, Mr. Aimufua, appeared, **neither of the Debtors appeared**.  When Mr. Mastan inquired

12  where they were—among other things they were supposed to produce the cash receipts "journal" or

13  "book," complete copies of the bank statements and leases (of which they had provided only every

14  other page), and information needed by the Trustee's accountant to prepare the Estate tax returns--

15  Mr. Aimufua claimed to have received a call from Mr. Ebuehi earlier that day telling him that the

16  Debtors were both ill and unable to attend the meeting.  This was surprising news to Mr. Mastan

17  since he had seen both of the Debtors **the day before** (March 3, 2020) when he visited the

18  Gladstone Property (taking the photographs attached as **Exhibit 1)** and neither appeared to be ill.

19  Mastan Decl., ¶ 4.

20         At this point, it appears that the Debtors are in denial that the Gladstone Property is going to

21  be sold, that they will not voluntarily vacate it, and that unless the property is turned over to the

22  Trustee so that it can be cleaned it up, it will continue to be very difficult to market.

23                                          **IV.**

24                                      **ARGUMENT**

25  **A.     Turnover of Estate Assets**

26         Property of the estate includes "all legal or equitable interests of the debtor in property as of

27  the commencement of the case."  11 U.S.C. § 541(a)(1).  As conceded by the Debtors in Schedule

28  A (ECF No. 1), the Gladstone Property is an asset of the Estate.

                                             6

Section 542 requires a debtor to turn over property of the estate to the trustee, including property in which an exemption is claimed:

> [A]n entity…in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

11 U.S.C. § 542.  *See also, Mwangi v. Wells Fargo Bank, N.A. (In re Mwangi),* 432 B.R. 818, 822 (9th Cir. BAP 2010) (estate property must be turned over to the trustee; "the failure to return property of the estate with knowledge of the bankruptcy is a violation of *both* the automatic stay and of the turnover requirements of the Bankruptcy Code," quoting *Abrams v. Sw. Leasing & Rental, Inc. (In re Abrams),* 127 B.R. 239, 242-43 (9th Cir. BAP 1991)).

A debtor has a duty to cooperate with the trustee "as necessary to enable the trustee to perform the trustee's duties."  11 U.S.C. § 521(a)(3).  A trustee has a duty to collect and reduce to money all property of the estate.  11 U.S.C. § 704(a)(1).  Because of the condition of the Gladstone Property and the Debtors' ongoing refusal to cooperate with the Trustee, including to voluntarily turn over the Gladstone Property, good cause exists to order the property immediately turned over to the Trustee.

**B.**     **Procedures for Enforcement of Turnover Order and Removal of Debtors' Personal Property**

Given the unsightly appearance of the Gladstone Property which is impeding the Trustee's marketing efforts, the fact that the Debtors have had verbal notice of the need to vacate since at least December 12, 2019 and written notice since February 26, 2020, and the Debtors' ongoing failure to cooperate with the Trustee, the Trustee requests that the Court order the Debtors and anyone claiming possession through them to deliver possession of the Gladstone Property to the Trustee (by personally vacating the Gladstone Property, removing all of their personal property from the Gladstone Property, leaving the Gladstone Property in broom-clean condition, and delivering to the Trustee the keys to the Gladstone Property, security codes for all security systems,

7

16118362.2

1  and any garage door or driveway gate remote controls that may exist) **within two (2) business days**

2  **after the entry of the *Order* on this *Motion.***  Personal property remaining in or on the Gladstone

3  Property after two (2) business days after entry of the *Order* on the *Motion*, shall be deemed

4  abandoned by the Occupants.  The Trustee further requests that the Court provide procedures for

5  the Trustee to enforce the *Order* should the Debtors fail to timely vacate the Gladstone Property and

6  for him to remove all personal property.

7         Bankruptcy courts have the power to authorize the issuance of a writ of assistance

8  authorizing and directing the United States Marshal to compel surrender of real property.  Rule 70

9  of the Federal Rules of Civil Procedure ("FRCP"), incorporated into Federal Rule of Bankruptcy

10  Procedure ("FRBP") 7070 provides:

11              (a) *Party's Failure to Act; Ordering Another to Act.*  If a judgment
                requires a party to convey land, to deliver a deed or other document,
12              or to perform any other specific act and the party fails to comply
                within the time specified, the court may order the act to be done—at
13              the disobedient party's expense—by another person appointed by the
                court.
14              …
                (d) *Obtaining a Writ of Execution or Assistance.*  On application by a
15              party who obtains a judgment or order for possession, the clerk must
                issue a writ of execution or assistance.

16

17  FRCP 70; *see In re Kerlo,*  311 B.R. 256, 261 (Bankr. C.D. Cal.2004).

18         FRBP 7070 provides that FRCP 70 applies in adversary proceedings.  FRBP 9014(c)

19  provides that certain rules applicable to adversary proceedings also apply to contested matters.

20  Although FRBP 7070 is not automatically applicable in contested matters, FRBP 9014(a)

21  specifically authorizes a court "at any stage in a particular matter [to] direct that one or more of the

22  other rules in Part VII shall apply."

23         Bankruptcy courts routinely apply FRBP 7070 to contested matters involving turnover of

24  real property from a debtor to a Chapter 7 trustee.  *See In re Kerlo*, 311 B.R. at 261 ("'a writ of

25  assistance to deliver … possession [of real property] … was agreeable to the usages and principles

26  of law' and 'clearly lies under the express terms of Fed. R. Civ. P. 70.'"  *Id.* at 262 citing *Hamilton*

27  *v. McDonald,* 503 F.2d 1138, 1143, n. 5 (9th Cir. 1974).

28  ///

16118362.2

1         Section 105 also authorizes the Court to grant a trustee's request for issuance of a writ of

2  assistance.  The Court may issue any order that is necessary and appropriate carry out the

3  provisions of the Bankruptcy Code.  11 U.S.C. § 105(a).  Orders for possession of property may be

4  enforced through writs and orders under Section 105(a).  *Id.,* citing *Stone v. White (In re Stone),*

5  1998 Bankr. LEXIS 1976, at *13-14 (Bankr. D.C. Nov. 1998) (addressing writs of possession

6  issued to enforce turnover orders); *Toledano v. Kittay (In re Toledano)*, 299 B.R. 284, 299 (Bankr.

7  S.D.N.Y. 2003) (holding that the trustee may direct the United States Marshals Service to effectuate

8  the terms of the court's order by evicting all occupants from the premises where the debtor or any

9  other individuals occupying property of the estate did not voluntarily vacate in accordance with the

10  order).

11         Given the unsightly conditions at the Gladstone Property and the Debtors' prior failures to

12  cooperate, good cause exists for the Court to provide the Trustee with the means to enforce the

13  Court's turnover order by ordering FRBP 7070 to be applicable to the *Motion* and all efforts to

14  enforce the resulting turnover order.  Pursuant to the requirements of the United States Marshals

15  Service, the *Order* should specifically provide that the use of force is authorized to effectuate

16  turnover should the Debtors or any other occupants of the Gladstone Property refuse to vacate or

17  cooperate with the Marshal.  Upon entry of such *Order*, the clerk of the court may "issue a writ of

18  execution or assistance" to allow the Trustee to enforce the *Order.*

19         Pursuant to Local Bankruptcy Rule 7064-1, to execute the writ of assistance, evict all

20  occupants, and effectuate turnover of the Gladstone Property, the United States Marshals Service

21  requires a court order containing the following language:

22         Upon execution and entry of this Writ or Order, the United
     States Marshals Service (the "U.S. Marshal") is immediately directed

23     to assist the Trustee to enforce the underlying Order awarding
     possession.

24

25         The Trustee and/or his authorized agents will act as substitute
     custodian of any and all items of personal property seized pursuant to

26     this Order and the U.S. Marshal shall have no liability arising from any
     acts, incidents, or occurrences in connection with the seizure of the
     personal property located at the subject real property arising in the

27     ordinary authorized scope of duties of the U.S. Marshal (which acts do
     not include acts arising from negligent or intentional tortious conduct),

28     including any third party claims and the U.S. Marshal shall be

16118362.2

discharged of his or her duties and responsibilities for safekeeping of the seized goods.

The U.S. Marshal accomplishing such seizure shall use whatever reasonable force necessary to break open and enter the subject real property regardless of whether the premises or location is locked or unlocked, occupied or unoccupied and to inspect the contents of any room, closet, cabinet, vehicle, container, desk or documents.

Anyone interfering with the execution of this Order is subject to arrest by law enforcement officials.

Because of this requirement, the Trustee will not be able to enforce the turnover order without such provisions being included.  A copy of the proposed turnover order and writ of assistance is attached hereto as **Exhibit 4**.

Finally, if the Trustee obtains possession of the Gladstone Property with any personal property remaining on the premises, the Trustee requests that the *Order* granting this *Motion* provide that all personal property remaining in or on the Gladstone Property after two (2) business days after entry of the *Order* on the *Motion* be deemed abandoned and to subject to the Trustee's removal and disposition of such personal property on and after three (3) business days after the entry of the *Order* approving this *Motion* as follows:

1.    The Trustee is authorized to expend funds to (a) rent a U-Haul (or similar) moving truck, (b) hire an agent and/or moving company (without the need of filing an employment or fee application) to facilitate the removal of any personal property at the Gladstone Property, (c) dispose of any personal property remaining in or on the Gladstone, and (d) change the locks and security codes to the Gladstone Property.

2.    The Trustee is authorized **to remove any and all personal property remaining in or on the Gladstone Property at any time beginning three (3) business days after entry of the *Order* approving this *Motion.***

3.    **The Trustee is authorized, in the exercise of his discretion, either to discard or donate to a charity any and all personal property removed by the Trustee pursuant to the *Order* on the *Motion* and to incur and pay for the costs of such disposal, all without further order of the Court.**

10

16118362.2

1    4.    Upon completion of the proposed procedures in paragraphs 1-3, above, the Trustee

2  shall be deemed to have satisfied any obligation he may have under California law (or other

3  applicable law) relating to the removal, disposal, and/or abandonment of personal property.

4                                                    **V.**

5                                            **CONCLUSION**

6    Wherefore, based on the foregoing, the Trustee respectfully requests the Court to enter an

7  *Order* in substantially the form attached hereto as **Exhibit 4** finding and directing that:

8    1.    The *Motion* is granted.

9    2.    Finds FRBP 7070 to be applicable to the *Motion* and all efforts to enforce the *Order*

10  on the *Motion.*

11    3.    The Occupants shall deliver possession of the Gladstone Property to the Trustee (by

12  personally vacating the Gladstone Property, removing all of their personal property from the

13  Gladstone Property, leaving the Gladstone Property in broom-clean condition, and delivering to the

14  Trustee the keys to the Gladstone Property, security codes for all security systems, and any garage

15  door and/or driveway gate remote controls that may exist) **within two (2) business days after the**

16  **entry of the *Order* on this *Motion.***

17    4.    Any personal property remaining in or on the Gladstone Property after two (2)

18  business days after entry of the *Order* on this *Motion* is deemed to have been abandoned by the

19  Occupants.

20    5.    The *Order* approving the *Motion* constitutes a writ of possession and writ of

21  assistance for the Gladstone Property, and, in accordance with Local Bankruptcy Rule 7064-1,

22  includes the following language:

23           Upon execution and entry of this Writ or Order, the United
         States Marshals Service (the "U.S. Marshal") is immediately directed
24       to assist the Trustee to enforce the underlying Order awarding
         possession.
25
             The Trustee and/or his authorized agents will act as substitute
26       custodian of any and all items of personal property seized pursuant to
         this Order and the U.S. Marshal shall have no liability arising from any
27       acts, incidents, or occurrences in connection with the seizure of the
         personal property located at the subject real property arising in the
28       ordinary authorized scope of duties of the U.S. Marshal (which acts do
         not include acts arising from negligent or intentional tortious conduct),

1 | including any third party claims and the U.S. Marshal shall be
2 | discharged of his or her duties and responsibilities for safekeeping of the seized goods.

3 | The U.S. Marshal accomplishing such seizure shall use
4 | whatever reasonable force necessary to break open and enter the subject real property regardless of whether the premises or location is locked or unlocked, occupied or unoccupied and to inspect the
5 | contents of any room, closet, cabinet, vehicle, container, desk or documents.

6 | Anyone interfering with the execution of this Order is subject
7 | to arrest by law enforcement officials.

8    6.    If the Occupants fail to timely vacate the Gladstone Property, the Trustee is

9 authorized to instruct the U.S. Marshal Service to execute the *Writ* or *Order* by (a) evicting and

10 locking out all Occupants of the Gladstone Property, (b) using all necessary force to effectuate the

11 eviction; and (c) surrendering possession of the Gladstone Property to the Trustee's designated

12 custodian.

13    7.    The Trustee is authorized to expend funds to (a) rent a U-Haul (or similar) moving

14 truck, (b) hire an agent and/or moving company (without the need of filing an employment or fee

15 application) to facilitate the removal of any personal property at the Gladstone Property, (c) dispose

16 of any personal property remaining in or on the Gladstone Property, and (d) change the locks and

17 security codes to the Gladstone Property.

18    8.    The Trustee is authorized **to remove any and all personal property remaining in**

19 **or on the Gladstone Property at any time beginning three (3) business days after entry of the**

20 ***Order* approving this *Motion.***

21    9.    **The Trustee, in the exercise of his discretion, is authorized either to discard or**

22 **donate to a charity any and all personal property removed by the Trustee pursuant to the**

23 ***Order* on the *Motion* and to incur and pay for the costs of such disposal, all without further**

24 **order of the Court.**

25 ///

26 ///

27 ///

28

12

16118362.2

1        10.     Upon completion of the procedures in paragraphs 7-9, above, deems the Trustee to

2 have satisfied any obligation he may have under California law (or other applicable law) relating to

3 the removal, disposal, and/or abandonment of personal property.

4        11.     Such other and further relief as is just and proper under the circumstances is

5 granted.

6

7 Dated: March 10, 2020              DINSMORE & SHOHL LLP

8

                                 By:  /s/ Ashleigh A. Danker
9                                    Ashleigh A. Danker

10                           Counsel to the Chapter 7 Trustee, Peter J. Mastan

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

13

1

## **DECLARATION OF PETER J. MASTAN**

2      I, Peter J. Mastan, declare as follows:

3      1.      I am the Chapter 7 Trustee (the "Trustee") for the bankruptcy estate (the "Estate")

4  of debtors Finnian Osakpamwan Ebuehi and Elizabeth Olohirere Ebuehi (the "Debtors" or the

5  "Ebuehis") in the above-captioned bankruptcy case (the "Case").  Except as expressly stated

6  otherwise, I have personal knowledge of the facts set forth below and could and would competently

7  testify under oath thereto if requested to do so.  Capitalized terms not otherwise defined herein have

8  the same meanings ascribed to them in the pleading to which this *Declaration* is attached.

9      2.      Mr. Ebuehi failed to appear at the initial Section 341(a) meeting of creditors I held

10  on December 4, 2019 and it was clear to me that Mrs. Ebuehi knew little about their financial

11  affairs.  Accordingly, I re-scheduled the meeting to December 12, 2019.  No later than this second

12  meeting, which both of the Ebuehis attended, I told them that all the Properties would be sold,

13  including the Gladstone Property.  At the third Section 341(a) meeting held on January 28, 2020, I

14  reminded the Ebuehis that the Gladstone Property was for sale and that they should be making

15  preparations for living elsewhere.  At this same meeting, Mr. Ebuehi admitted to keeping a

16  "journal" or "book," which he had not (and, as of the date hereof, still has not) provided to me, in

17  which he recorded various cash receipts that he received from time to time in connection with the

18  Rental Properties.

19      3.      On February 26, 2020, my counsel, Ashleigh Danker, gave written notice to the

20  Debtors' attorney, Edwin Aimufua, for them to vacate the Gladstone Property on or before

21  April 15, 2020.  Mr. Aimufua responded that the Debtors could not afford to move unless the

22  Trustee advanced them their homestead exemption.  This response appeared disingenuous to me

23  given that (i) Mr. Ebuehi has testified to me that he is employed, (ii) the Debtors have been living in

24  the Gladstone Property since at least the conversion date (October 18, 2019) without paying the

25  mortgage, rent to me, or property insurance, and (iii) the Debtors have failed to account for their

26  cash receipts from the Rental Properties.

27  ///

28  ///

14

16118362.2

4.      After the January 28, 2020 Section 341(a), the next Section 341(a) meeting was scheduled for March 4, 2020.  At this meeting, I anticipated discussing possible accommodations for the Debtors to consensually vacate the Gladstone Property.  Unfortunately, while the Debtors' attorney, Mr. Aimufua, appeared, neither of the Debtors appeared.  When I inquired where they were—among other things they were supposed to produce the cash receipts "journal" or "book," complete copies of the bank statements and leases (of which they had provided only every other page), and information needed by my accountant to prepare the Estate tax returns--Mr. Aimufua claimed to have received a call from Mr. Ebuehi earlier that day telling him that the Debtors were both ill and unable to attend the meeting.  This was surprising news to me since I had seen both of the Debtors the day before (March 3, 2020) when I visited the Gladstone Property (taking the photographs attached hereto as **Exhibit 1**) and neither appeared to be ill.

5.      Ms. Temple, one of my Brokers (and the one responsible for handling showings of the Properties) has expressed concern to me that the appearance of the Gladstone Property, both inside and outside, significantly detracts from its marketability.  I have personally viewed the property and share her concerns.  The house is located on a nearly half-acre lot.  The large yard is being used for storage and contains several large, unsightly piles of personal items (including one covered by a large tarp), multiple large barrel-type containers, multiple cars, and a van.  The garage is filled, nearly to the ceiling with personal items—no cars can fit in it.   Inside the house, there are many large, unsightly piles of personal items covered by plastic tarps and several rooms, including the kitchen, are cluttered and unsightly.  Attached hereto as **Exhibit 1** are true and correct copies of photographs I took on March 3, 2020 showing the yard (pp. 22-25), the garage (pp. 26-27), kitchen (pp. 28-29), main living area (pp. 30-31), bedroom 1 (pp. 32-35), and bedroom 2 (pp. 36-38).  The Debtors, who have fought Poser's efforts to execute on the Properties and have sought, repeatedly to re-convert the case to Chapter 11, create a hostile atmosphere inside.[3]

///

---

[3] As described in the Waters and Yorkshire sale motions (ECF Nos. 253 and 256), prior to the filing of their petition, the Debtors fraudulently conveyed and encumbered the Properties, including the Gladstone Property, to impede Poser's efforts to execute on them.

16118362.2

6.    Because of the access issues and conditions in and on the Gladstone Property, I believe that it would show much better if it were vacant and cleaned up.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: March __10__, 2020

_____
Peter J. Mastan

16118362.2

## <u>DECLARATION OF PAMELA C. TEMPLE</u>

I, Pamela C. Temple, declare as follows:

1.        I am a real estate sales agent with Bennion Deville Homes, one of the Bankruptcy Court-approved co-real estate brokers for Peter J. Mastan, the Chapter 7 Trustee (the "Trustee") for the bankruptcy estate (the "Estate") of joint debtors Finnian Osakpamwan Ebuehi and Elizabeth Olohirere Ebuehi (the "Debtors" or the "Ebuehis") in the above-captioned bankruptcy case (the "Case").  As such, except as expressly stated otherwise, I have personal knowledge of the facts set forth below and could and would competently testify under oath thereto if requested to do so. Capitalized terms not otherwise defined herein have the same meanings ascribed to them in the pleading to which this Declaration is attached.

2.        On or about January 2, 2020, I began to assist the Trustee in marketing and selling the real property commonly known as 619 W. Gladstone Street, Glendora, California 91740 (the "Gladstone Property"), including handling telephone inquiries and showings.

3.        Along with my co-broker, William I. Friedman of Coldwell Banker, I listed the improved Properties on the Multiple Listing Service ("MLS") in early January 2020.  Those listings were syndicated to hundreds of real estate related websites including Realtor.com, Zillow, Redfin, CaliforniaMoves.com, Google, Yahoo, BDHomes.com, ColdwellBanker.com, and others.  The listings received thousands of views on the internet and were advertised in At Home Magazine, BD Monthly, Homes & Land, and LA Times Weekly.  As a result, the Trustee has received offers for all of the improved Properties.

4.        The Gladstone Property is listed for $779,000.00.  Despite an open house I held on February 15, 2020 and several telephonic inquiries to me, I have received only a single offer (for $590,000.00 which was deemed too low by the Trustee to counter) and have had only one request for a private showing of the Gladstone Property.  As to the latter, on Saturday, March 8, 2020 at approximately 2:00 p.m., I was contacted by a broker requesting to show the Gladstone Property that evening from 6:45 p.m. to 7:45 p.m.  I called and texted Mr. Ebuehi to request permission.  He did not respond until approximately 6:00 p.m.  By that time, unfortunately, the prospective buyers had taken the property off their list.  Although I am attempting to re-schedule the showing, because

17

16118362.2

1 | of the security system. I cannot show the Gladstone Property without either Mr. Ebuchi's

2 | cooperation or at least 24 hours' advance notice. When I try to contact him, he typically does not

3 | answer his telephone and his voice mail is full. Also, he does not respond quickly to my text

4 | messages.

5 |      5.      In addition to the foregoing issues with access, I have expressed concern to the

6 | Trustee that the appearance of the Gladstone Property, both inside and outside, significantly

7 | detracts from its marketability. The house is located on a nearly half-acre lot. The large yard is

8 | being used for storage and contains several large, unsightly piles of personal items (including one

9 | covered by a large tarp), multiple large barrel-type containers, multiple cars, and a van. The garage

10 | is filled, nearly to the ceiling with personal items —no cars can fit in it.  Inside the house, there are

11 | many large, unsightly piles of personal items covered by plastic tarps and several rooms, including

12 | the kitchen, are cluttered and unsightly. The Debtors, who appear not to want the property to be

13 | sold, create a hostile atmosphere inside.

14 |      6.      Because of the access issues and conditions in and on the Gladstone Property, I

15 | believe that it would show much better if it were vacant and cleaned up.

16 |      I declare under penalty of perjury under the laws of the United States of America that the

17 | foregoing is true and correct.

18 |

19 | Dated: March 10 , 2020

*Pamela C. Temple*

Pamela C. Temple

16118362.2

1

## DECLARATION OF ASHLEIGH A. DANKER

2        I, Ashleigh A. Danker, declare:

3        1.        I am an attorney admitted to practice before this Court and the courts of this State.  I

4    am Of Counsel in the law firm Dinsmore & Shohl LLP, counsel to Peter J. Mastan, Chapter 7

5    Trustee (the "Trustee") for the bankruptcy estate (the "Estate") of debtors Finnian Osakpamwan

6    Ebuehi and Elizabeth Olohirere Ebuehi (the "Debtors" or the "Ebuehis") in the above-captioned

7    bankruptcy case (the "Case").  I am the attorney primarily responsible for representing the Trustee

8    in this Case.  As such, except as expressly stated otherwise, I have personal knowledge of the facts

9    set forth below and could and would competently testify under oath thereto if requested to do so.

10    Capitalized terms not otherwise defined herein have the same meanings ascribed to them in the

11    pleading to which this *Declaration* is attached.

12        2.        On September 12, 2018, the Debtors filed a joint voluntary petition for relief under

13    Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy

14    Code"), commencing the Case.  On September 25, 2019, the Court issued an *Order Granting Order*

15    *to Show Cause Why This Court Should Not Convert or Dismiss Case, or Appoint a Chapter 11*

16    *Trustee* (ECF No. 140, the "OSC").  The Court entered its *Order Converting Case to Chapter 7*

17    (ECF No. 161, the "Conversion Order") on October 18, 2019.  Peter J. Mastan was appointed as the

18    Chapter 7 Trustee for the Debtors' Estate on October 23, 2019 (ECF No. 167).  Pursuant to Orders

19    entered on November 7, 2019 (ECF No. 170), November 27, 2019 (ECF No. 178), and January 29,

20    2020 (ECF No. 234), the Court denied three motions for reconsideration of the *Conversion Order*.

21        3.        Property of the Estate includes five real properties: (i) the Debtors' personal

22    residence located at 619 W. Gladstone Street, Glendora, CA 91740 (the "Gladstone Property"),

23    (ii) the rental property located at 1518 Waters Avenue, Pomona, CA 91766 (the "Waters

24    Property"), (iii) the rental property located at 1580 W. 2nd Street, Pomona, CA 91766 (the "2nd

25    Street Property"), (iv) the rental property located at 2551 Yorkshire Way, Pomona, CA 91767 (the

26    "Waters Property"), and (v) a vacant lot located in San Bernardino (the "Vacant Lot").  *See*

27    Schedules A/B and D of Voluntary Petition (ECF No. 1). The Yorkshire Property, 2nd Street

28    Property, and Waters Property are referred to, collectively, herein as the "Rental Properties."  The

16118362.2

Rental Properties, together with the Gladstone Property and the Vacant Lot, are referred to herein,
collectively, as the "Properties."

4.      On January 6, 2020, the Trustee filed an *Application* requesting authority to employ
Coldwell Banker and Bennion Deville Homes (ECF No. 219) as co-real estate brokers (the
"Brokers") to list, market, and assist the Trustee in selling the Gladstone Property and the Rental
Properties.  Pursuant to an *Order* entered on January 30, 2020 (ECF No. 236), the Court granted the
*Application*.

5.      Attached hereto as **Exhibit 2** is a true and correct copy of a letter I sent to Edwin
Aimufua, counsel for the Debtors, on February 26, 2020, demanding that they vacate the Gladstone
Property on or before April 15, 2020.  Attached hereto as **Exhibit 3** is a true and correct copy of an
email dated March 2, 2020 from Mr. Aimufua to me responding to my letter.

6.      At the continued Section 341(a) meeting of creditors, which I attended, Mr. Ebuehi
testified that he had a "book" or "journal" in which he recorded his cash receipts from the Rental
Properties.  The Trustee requested the Debtors to provide him with the original of such book or
journal.  In addition, I requested the Debtors to provide me with complete copies of the December
2019 bank statements for the accounts related to the Rental Properties and complete copies of the
leases for the Rental Properties (the Debtors had provided only every other page of these
documents), copies of certain insurance policies, and the check(s) from the Pomona Housing
Authority for the two Section 8 tenants in the Yorkshire Property for November and December
2019.

///

///

///

16118362.2

7.    By an email dated February 3, 2020 to Mr. Aimufua, I requested the Debtors to provide certain tax information needed by the Trustee's accountant to prepare the Estate tax returns, and on February 5, 2020, I also requested Mr. Aimufua by email to provide the long over-due schedule of unpaid debts and final report and accounting (due 14 days and 30 days, respectively, after entry of the *Conversion Order*). As of the date hereof, none of these documents, reports, or information described in the preceding two paragraphs have been provided to me.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: March 10, 2020                                   _____/s/ Ashleigh A. Danker_____
                                                                                Ashleigh A. Danker

16118362.2

**EXHIBIT 1**



































**EXHIBIT 2**

*Legal Counsel.*



DINSMORE & SHOHL LLP
550 Hope St., Suite 1765
Los Angeles, CA 90071
www.dinsmore.com

Ashleigh A. Danker
(213) 335-7749 (direct) · (619) 400-0501 (fax)
Ashleigh.Danker@Dinsmore.com

February 26, 2020

**Via Email (eia@aimufualaw.com and iaimufua@yahoo.com)**
Edwin I. Aimufua, Esq.
11150 Sepulveda Blvd., Ste A
Mission Hills, CA  91345

**Re: 619 W. Gladstone Street, Glendora, CA 91740 - 45 Notice to
Vacate Premises**

Dear Mr. Aimufua:

As you are aware, my client, Peter J. Mastan, is the Chapter 7 bankruptcy trustee (the "Trustee"), in the bankruptcy case of your clients Finnian and Elizabeth Ebuehi, Case No. 2:18-bk-20704-NB, pending in the United States Bankruptcy Court for the Central District of California, Los Angeles Division.

The real property located at 619 W. Gladstone Street, Glendora, CA 91740 (the "Property") is property of the bankruptcy estate pursuant to Section 541 of the Bankruptcy Code.  The Ebuehis have been occupying the Property rent-free and without paying for insurance on it since the case converted to Chapter 7 on October 18, 2019.  Pursuant to Section 542(a) of the Bankruptcy Code, the Trustee hereby demands that the Ebuehis vacate the Property on or before **April 15, 2020** and, concurrently therewith, deliver possession of it in "broom-clean" condition to the Trustee by turning over the keys, security codes, and garage clickers, if any, to the Trustee's broker, Pam Temple.

Please confirm in writing to me **by 5:00 p.m. on Monday, March 2, 2020** that you have spoken with your clients about this matter and that they agree to vacate the Property by **April 15, 2020.**  If I do not receive written confirmation from you by 5:00 p.m. on Monday, March 2, 2020, confirming that the Ebuehis agree to vacate the Property as requested herein, the Trustee will commence action against the Ebuehis in Bankruptcy Court for authority to remove them on an expedited basis.

Yours truly,

Ashleigh A. Danker

AAD:DA
cc: Peter J. Mastan, Trustee (i/o)
    Pamela C. Temple (via email)

**Exhibit 2, p. 039**

**EXHIBIT 3**

**Danker, Ashleigh**

| | |
|---|---|
| **From:** | edwin aimufua <iaimufua@yahoo.com> |
| **Sent:** | Monday, March 2, 2020 4:40 PM |
| **To:** | Finnian Ebuehi; Danker, Ashleigh |
| **Subject:** | Re: Ebuehi - Gladstone - Notice to Vacate |

Ms. Danker:

I discussed your letter and Notice to Vacate with my Clients, and regrettably, they are unable to vacate, before the deadline you have set. My Clients do not have the financial resources to relocate to a different place, without at least receiving some portion of their Homestead exemption. Is this at all feasible, from the Trustee's and your perspective?

Moreover, the Ebuehi's were unaware that they were required to pay any rent to the Chapter 7 Trustee, or that they had fallen behind on any insurance payments. They rightfully believed that as per instructions received from you and the Trustee, they were to hand over the administration of the estate to you and your Client, more particularly, the payment of all bills concerning the properties, hence the turning over of all rents to you and your Client. Therefore, at what stage did my Clients default on the payment of the insurance you allude to in your Notice to Vacate? Furthermore, at what stage were they requested to pay 'rent' to the Estate, that they refused to do? Please enlighten me, as to these events, which your Notice to Vacate, provides as the predicate reasons, for your intention to evict them.

Since they cannot move out by April 15, 2020, as they do not have the resources to do so, can something, anything be done, in a spirit of compromise, to keep them there, till they can receive some of their Homestead exemption, for instance, paying some rent to your Client, to enable them to remain in the Gladstone property? Please let me know, what accommodations you can grant them, other than the straight forward eviction you are offering.

I look forward to hearing back from you promptly.

I remain,
Yours truly,
Edwin I. Aimufua

On Feb 27, 2020, at 3:35 AM, Edwin I. Aimufua <iaimufua@yahoo.com> wrote:

Finnian:

Please see the attached letter from the Trustee's attorney. We will discuss it later today.

**Very truly yours,**
**Edwin I. Aimufua, Esq.**
**ATTORNEY AT LAW**
**11150 Sepulveda Blvd., Suite A**
**Mission Hills, CA 91345**
**Office: (747) 246-4141**

Exhibit 3, p. 040

**EXHIBIT 4**

1  | Ashleigh A. Danker (State Bar No. 138419)
   | ashleigh.danker@dinsmore.com
2  | DINSMORE & SHOHL LLP
   | 550 Hope St., Suite 1765
3  | Los Angeles, California 90071
   | Telephone: 213-335-7737
4  |
   | Counsel to Peter J. Mastan
5  | Chapter 7 Trustee

6

7  **UNITED STATES BANKRUPTCY COURT**

8  **CENTRAL DISTRICT OF CALIFORNIA**

9  **LOS ANGELES DIVISION**

10

| 11 | In re: | Case No. 2:18-bk-20704-NB |
|---|---|---|
| 12 | FINNIAN OSAKPAMWAN EBUEHI | Chapter 7 |
| 13 | and | **ORDER COMPELLING TURNOVER OF PROPERTY OF THE BANKRUPTCY ESTATE AND ESTABLISHING PROCEDURES FOR REMOVAL AND DISPOSAL OF ANY REMAINING PERSONAL PROPERTY; WRIT OF ASSISTANCE** |
| 14 | ELIZABETH OLOHIRERE EBUEHI, | |
| 15 | Debtors. | |
| 16 | | |
| 17 | | Date:      March 31, 2020 |
| 18 | | Time:      11:00 a.m. |
|    | | Ctrm:      1545 |
| 19 | | 255 E. Temple Street |
|    | | Los Angeles, California 90012 |
| 20 | | Judge:     Hon. Neil W. Bason |

21

22

23

24

25

26

27

28

1

16126925.1

**Exhibit 4, p. 41**

On March 31, 2020, on the 11:00 a.m. calendar, in Courtroom 1545 of the United States Bankruptcy Court located at 255 E. Temple Street, Los Angeles, California 90012, the Honorable Neil W. Bason, United States Bankruptcy Judge, conducted a hearing on the *Motion For (1) Order To Compel Turnover Of Property Of The Bankruptcy Estate And Establishing Procedures For Removal And Disposal Of Any Remaining Personal Property, And (2) Writ Of Assistance* (ECF No. ____, the "Motion") filed on March 10, 2020 by Peter J. Mastan, the Chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of joint debtors Finnian Osakpamwan Ebuehi and Elizabeth Olohirere Ebuehi (collectively, the "Debtors" or the "Ebuehis") in the above-captioned bankruptcy case (the "Case"). Ashleigh A. Danker, Esq. of Dinsmore & Shohl LLP appeared on behalf of the Trustee. The Trustee appeared for himself. All other appearances were as stated on the record.

The Court, having considered the *Motion*, all pleadings filed in support thereof, all pleadings filed in opposition thereto, the arguments of counsel, good cause appearing, and for the reasons stated on the record and in the *Motion,* finds and directs as follows:

1.    The *Motion* is granted.

2.    Federal Rule of Bankruptcy Procedure 7070 is applicable to the *Motion* and all efforts to enforce this *Order.*

3.    The Debtors, and all other persons, if any, claiming rights of possession through the Debtors with respect to the residence located at **619 W. Gladstone Street, Glendora, 91740** (the "Gladstone Property") (collectively, the "Occupants"), shall deliver possession of the Gladstone Property to the Trustee (by personally vacating the Gladstone Property, removing all of their personal property from the Gladstone Property, leaving the Gladstone Property in broom-clean condition, and delivering to the Trustee the keys to the Gladstone Property, security codes for all security systems, and any garage door and/or driveway gate remote controls that may exist) **within two (2) business days after the entry of the *Order* on this *Motion.***

4.    Any personal property remaining in or on the Gladstone Property after two (2) business days after entry of the *Order* on this *Motion* is deemed to have been abandoned by the

2

Exhibit 4, p. 42

1    Occupants.

2        5.        If the Occupants fail to timely vacate the Gladstone Property, the Trustee is

3    authorized to instruct the U.S. Marshal Service to execute this *Writ* or *Order* by (a) evicting and

4    locking out all Occupants of the Gladstone Property, (b) using all necessary force to effectuate the

5    eviction; and (c) surrendering possession of the Gladstone Property to the Trustee's designated

6    custodian.

7        6.        This *Order* constitutes a writ of possession and writ of assistance for the Gladstone

8    Property.  The legal address of the Gladstone Property is:

9            Real property in the City of Glendora, County of Los Angeles, State
            of California, described as follows:
10
            THE SOUTHERLY 170 FEET OF THE WESTERLY 127 FEET OF
11          THE EASTERLY 254.43 FEET OF LOT 6 OF TRACT 387, IN THE
            CITY OF GLENDORA, AS PER MAP RECORDED IN BOOK 21
12          PAGES 178 AND 179 OF MAPS, IN THE OFFICE OF THE
            COUNTY RECORDER OF SAID COUNTY.
13          EXCEPT THE SOUTHERLY 10 FEET OF THE WESTERLY
            127.00 FEET OF THE EASTERLY 254.43 FEET OF LOT 6.
14
            APN: 8632-017-015
15

16       7.        Upon execution and entry of this *Writ* or *Order*, the United States Marshals Service

17    (the "U.S. Marshal") is immediately directed to assist the Trustee to enforce the above *Order*

18    awarding possession.

19       8.        The Trustee and/or his authorized agents will act as substitute custodian of any and

20    all items of personal property seized pursuant to this *Order* and the U.S. Marshal shall have no

21    liability arising from any acts, incidents, or occurrences in connection with the seizure of the

22    personal property located at the subject real property arising in the ordinary authorized scope of

23    duties of the U.S. Marshal (which acts do not include acts arising from negligent or intentional

24    tortious conduct), including any third party claims and the U.S. Marshal shall be discharged of his

25    or her duties and responsibilities for safekeeping of the seized goods.

26       9.        The U.S. Marshal accomplishing such seizure shall use whatever reasonable force

27    necessary to break open and enter the subject real property regardless of whether the premises or

28

3

16126925.1

**Exhibit 4, p. 43**

1  location is locked or unlocked, occupied or unoccupied and to inspect the contents of any room,

2  closet, cabinet, vehicle, container, desk or documents.

3      10.      Anyone interfering with the execution of this *Order* is subject to arrest by law

4  enforcement officials.

5      11.      Once all Occupants of the Gladstone Property have voluntarily vacated or been

6  forcibly removed, and the Gladstone Property has been secured, the United States Marshal shall

7  turn over possession of the Gladstone Property to the Trustee or his attorney, Ashleigh A. Danker,

8  Esq. at Dinsmore & Shohl LLP, 550 S. Hope Street, Suite 1765, Los Angeles, CA 90071.

9      12.      The Trustee is authorized to expend funds to (a) rent a U-Haul (or similar) moving

10  truck, (b) hire an agent and/or moving company (without the need of filing an employment or fee

11  application) to facilitate the removal of any personal property at the Gladstone Property, (c) dispose

12  of any personal property remaining in or on the Gladstone Property, and (d) change the locks and

13  security codes to the Gladstone Property.

14      13.      The Trustee is authorized **to remove any and all personal property remaining in**

15  **or on the Gladstone Property at any time beginning three (3) business days after entry of this**

16  ***Order.***

17  ///

18  ///

19  ///

20

21

22

23

24

25

26

27

28

4

**Exhibit 4, p. 44**

14.     **The Trustee, in the exercise of his discretion, is authorized either to discard or donate to a charity any and all personal property removed by the Trustee pursuant to this _Order_ and to incur and pay for the costs of such disposal, all without further order of the Court.**

15.     Upon completion of the procedures in paragraphs 12-14, the Trustee is deemed to have satisfied any obligation he may have under California law (or other applicable law) relating to the removal, disposal, and/or abandonment of personal property.

**IT IS SO ORDERED.**

####

16126925.1

**Exhibit 4, p. 45**

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

550 S. Hope Street, Suite 1765
Los Angeles, California 90071

A true and correct copy of the foregoing document entitled (*specify*): ***Notice Of Motion And Motion For (1) Order To Compel Turnover Of Property Of The Bankruptcy Estate And Establishing Procedures For Removal And Disposal Of Any Remaining Personal Property, And (2) Writ Of Assistance; Memorandum Of Points And Authorities; Declarations Of Peter J. Mastan, Pamela C. Temple, And Ashleigh A. Danker In Support Thereof; And Exhibits*** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1.  <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>**:
Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On <u>**March 10, 2020**</u>, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒  Service information continued on attached page

**2.  <u>SERVED BY UNITED STATES MAIL</u>**:
On <u>**March 10, 2020**</u>, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒  Service information continued on attached page

**3.  <u>SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL</u>** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **March 10, 2020**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| _3/10/2020_  Katrice Ortiz | | _/s/ Katrice Ortiz_ |
| *Date* | *Printed Name* | *Signature* |

22

16118362.2

**In re Finnian Osakpamwan Ebuehi**
**and**
**Elizabeth Olohirere Ebuehi**
**U.S.B.C. – Los Angeles Division**
**Case No. 2:18-bk-20704-NB**

**I.    <u>SERVED VIA NEF</u>:**

Edwin I Aimufua on behalf of Debtor Finnian Osakpamwan Ebuehi
eia@aimufualaw.com, legalsupport@sfvlawcentergroup.org

Edwin I Aimufua on behalf of Joint Debtor Elizabeth Olohirere Ebuehi
eia@aimufualaw.com, legalsupport@sfvlawcentergroup.org

Michael Jay Berger on behalf of Defendant Elizabeth Ebuehi
michael.berger@bankruptcypower.com,
yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com

Michael Jay Berger on behalf of Defendant Finnian Ebuehi
michael.berger@bankruptcypower.com,
yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com

Michael Jay Berger on behalf of Interested Party Courtesy NEF
michael.berger@bankruptcypower.com,
yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com

Joseph P Buchman on behalf of Creditor Poser Investments, Inc.
jbuchman@bwslaw.com, svasquez@bwslaw.com

Joseph P Buchman on behalf of Interested Party Courtesy NEF
jbuchman@bwslaw.com, svasquez@bwslaw.com

Joseph P Buchman on behalf of Plaintiff Poser Investments, Inc.
jbuchman@bwslaw.com, svasquez@bwslaw.com

Theron S Covey on behalf of Creditor DEUTSCHE BANK NATIONAL TRUST
COMPANY
tcovey@rasflaw.com

Ashleigh A Danker on behalf of Interested Party Courtesy NEF
Ashleigh.danker@dinsmore.com,
SDCMLFiles@DINSMORE.COM;Katrice.ortiz@dinsmore.com

Ashleigh A Danker on behalf of Trustee Peter J Mastan (TR)
Ashleigh.danker@dinsmore.com,
SDCMLFiles@DINSMORE.COM;Katrice.ortiz@dinsmore.com

Anthony Obehi Egbase on behalf of Attorney A.O.E Law Associates, APC
info@aoelaw.com, sandy@ecf.inforuptcy.com;egbasear54561@notify.bestcase.com

Anthony Obehi Egbase on behalf of Defendant Elizabeth Ebuehi
info@aoelaw.com, sandy@ecf.inforuptcy.com;egbasear54561@notify.bestcase.com

Anthony Obehi Egbase on behalf of Defendant Finnian Ebuehi
info@aoelaw.com, sandy@ecf.inforuptcy.com;egbasear54561@notify.bestcase.com

23

16118362.2

Todd S Garan on behalf of Creditor U.S. Bank Trust National Association, not in its individual capacity but solely as owner trustee for Legacy Mortgage Asset Trust 2017-RPL2; Rushmore Loan Management, LLC as servicer
ch11ecf@aldridgepite.com, TSG@ecf.inforuptcy.com;tgaran@aldridgepite.com

Todd S Garan on behalf of Interested Party Courtesy NEF
ch11ecf@aldridgepite.com, TSG@ecf.inforuptcy.com;tgaran@aldridgepite.com

Rafael R Garcia-Salgado on behalf of Plaintiff Poser Investments, Inc.
rgarcia@goeforlaw.com, kmurphy@goeforlaw.com

Dare Law on behalf of U.S. Trustee United States Trustee (LA)
dare.law@usdoj.gov

Peter J Mastan (TR)
peter.mastan@dinsmore.com, pmastan@iq7technology.com;travis.terry@dinsmore.com

Richard J Reynolds on behalf of Creditor Poser Investments, Inc.
rreynolds@bwslaw.com, psoeffner@bwslaw.com,tmurphy@bwslaw.com,rjr-nef@bwslaw.com,fcabezas@bwslaw.com,jgomez@bwslaw.com

Richard J Reynolds on behalf of Interested Party Courtesy NEF
rreynolds@bwslaw.com, psoeffner@bwslaw.com,tmurphy@bwslaw.com,rjr-nef@bwslaw.com,fcabezas@bwslaw.com,jgomez@bwslaw.com

Richard J Reynolds on behalf of Plaintiff Poser Investments, Inc.
rreynolds@bwslaw.com, psoeffner@bwslaw.com,tmurphy@bwslaw.com,rjr-nef@bwslaw.com,fcabezas@bwslaw.com,jgomez@bwslaw.com

Josephine E Salmon on behalf of Creditor U.S. Bank Trust National Association, not in its individual capacity but solely as owner trustee for Legacy Mortgage Asset Trust 2017-RPL2; Rushmore Loan Management, LLC as servicer
ecfcacb@aldridgepite.com, JES@ecf.inforuptcy.com;jsalmon@aldridgepite.com

Cliff Schneider on behalf of Defendant Elizabeth Ebuehi
CDS@CliffSchneiderLaw.com

Cliff Schneider on behalf of Defendant Finnian Ebuehi
CDS@CliffSchneiderLaw.com

Nathan F Smith on behalf of Creditor Bank of America, N.A.
nathan@mclaw.org,
CACD_ECF@mclaw.org;mcecfnotices@ecf.courtdrive.com;cvalenzuela@mclaw.org

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

Scott S Weltman on behalf of Creditor The Huntington National Bank
colcaecf@weltman.com

Jennifer C Wong on behalf of Creditor Wells Fargo Bank, N.A.
bknotice@mccarthyholthus.com, jwong@ecf.courtdrive.com

16118362.2

**II.**      **SERVED VIA REGULAR U.S. MAIL:**

**<u>Debtors</u>**:
Finnian and Elizabeth Ebuehi
619 W. Gladstone Street
Glendora, CA 91740

**<u>Debtors' Counsel:</u>**
The Justice Firm
Joseph Virgilio, Esq.
5850 Canoga Ave., Ste 400.
Woodland Hills, CA 91367

**III.**      **SERVED VIA EMAIL:**

**<u>Debtors' Counsel:</u>**
The Justice Firm
Joseph Virgilio, Esq.
*jvdefense@gmail.com*
*justicelawfirm@gmail.com*
*dmrjdr@gmail.com*

16118362.2